IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Betty M. Brown, | ) | C/A No.: 3:07-2943-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wal-Mart Stores East, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

1

Plaintiff Betty M. Brown ("Ms. Brown") filed this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, et seq., against Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"). This court has jurisdiction pursuant to 28 U.S.C. § 1331.

Wal-Mart filed a motion for summary judgment on September 12, 2008 and Ms. Brown responded in opposition on November 30, 2008. The motion was automatically referred to Magistrate Judge Joseph R. McCrorey pursuant to Local Rule 73.02(B)(2)(g).

The Magistrate Judge filed a detailed and comprehensive Report on July 21, 2009, recommending that Wal-Mart's motion for summary judgment be granted. Ms. Brown was informed of her right to file objections to the Report, which she filed on August 7, 2009, and Wal-Mart filed a response to Ms. Brown's objections on August 24, 2009. Ms. Brown appears to assert three objections to the Report: (1) that the Magistrate Judge improperly determined that she failed to establish a prima facie case of age discrimination under the ADEA, (2) that the Magistrate Judge erred in concluding that she failed to exhaust her administrative remedies with regard to her hostile work environment claim, and (3) that the Magistrate Judge incorrectly found that she failed to establish a prima facie case of hostile work environment under the ADEA.

In light of the standard set out above, the court has reviewed, de novo, the record, the law, the Report of the Magistrate Judge, together with plaintiff's objections thereto, and defendant's response. The court finds that there are no genuine issues of material fact under

Fed. R. Civ. P. 56, and that Wal-Mart is entitled to judgment as a matter of law on each of plaintiff's claims.

## I. Plaintiff's Age Discrimination Claim under the ADEA

The Report finds that Ms. Brown failed to show that similarly-situated employees outside of her protected class were treated more favorably. Ms. Brown objects to this finding and she points to statements she made in her deposition indicating that numerous younger employees received more hours. See Brown dep. 173-175. However, she neglects to cite to the portion of her deposition in which she admits that she was unaware of the span of hours her co-workers represented as their availability for scheduling purposes. Id. at 173. No additional evidence has been submitted to establish this essential component of Ms. Brown's discrimination claim.

At summary judgment, the non-moving party has an obligation to present evidence to save his allegations from the status of speculation, and must respond with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gairola v. Virginia Dep't of General Servs., 753 F.2d 1281, 1288, n.4 (4th Cir. 1985). "Wholly speculative assertions will not suffice" to create a genuine issue of material fact for the purposes of summary judgment. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Plaintiff has failed to fortify or otherwise substantiate her wholly speculative assertions with specific facts; therefore her discrimination claim cannot survive summary judgment.

## II. Hostile Workplace

A plaintiff suing under the ADEA must demonstrate that she has exhausted her administrative remedies. In an ADEA claim, the plaintiff must file an initial charge with the EEOC or relevant state agency, and "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint may be maintained in a subsequent . . . lawsuit." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). Each claim must be included in the charge, as the failure to include an allegation of a particular form of discrimination will limit the plaintiff's right to file suit in federal court. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The failure to include an allegation on an ADEA claim that is not reasonably related to the original charge deprives a court of subject matter jurisdiction. See 29 U.S.C.A. § 625(d); Jones, 551 F.3d at 300. Because Ms. Brown failed to include any allegation of a hostile work environment in her SCHAC charge, or connect such a charge to her age discrimination allegations through any evidence in the record, this court lacks subject matter jurisdiction to decide her claim on the merits, and dismisses the same. In light of the court's finding that it lacks subject matter jurisdiction over Ms. Brown's hostile work environment claim, the court does not need to reach her third objection that she has established a prima facie case.

## III. Conclusion

For the foregoing reasons, the court adopts in full the Report of the Magistrate, overrules Ms. Brown's objections, and grants Wal-Mart's motion for summary judgment.

IT IS SO ORDERED.

September 4, 2009  s/ Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge